**HORNBLOWER et al. v. WHITE, Collector of Internal Revenue.**

District Court, D. Massachusetts.   July 26, 1927.

No. 2994.

Internal revenue ⊜⟹19(1)—Massachusetts real estate trust held not subject to stamp tax as "corporation."

A real estate trust under the law of Massachusetts, in which the trustees have full control, with power to fill vacancies, *held* not a "corporation," within Revenue Acts 1918 and 1921 (40 Stat. 1057; 42 Stat. 227), and not subject to the stamp tax imposed thereby.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Corporation.]

At Law. Action by Henry A. Hornblower and others, trustees, against Thomas W. White, Collector of Internal Revenue. Judgment for plaintiffs.

Dunbar & Rackemann, of Boston, Mass., for plaintiffs.

Marcus Morton, Jr., Asst. U. S. Atty., of Boston, Mass., for defendant.

LOWELL, District Judge.   Suit to recover a tax paid under protest.

The Costilla Estate Development Company was organized to develop, by means of irrigation, a large tract of land in Colorado and New Mexico, in order to sell it for agricultural purposes. It was not successful, and got into financial difficulties. In order to provide money for paying the taxes and debts and winding up the business, an organization was effected called the "Costilla Trust," which was in the form of a Massachusetts real estate trust. The purposes of the proposed "trust" were thus set forth in a circular sent to the stockholders of the Costilla Estate Development Company:

"Generally speaking, the trust declaration will provide for the holding, control and management of all of the deposited securities by the trustees with full general powers, inter alia, to vote the shares and continue or discontinue the corporation, to foreclosure or not, and generally to exercise their best judgment and discretion in taking such steps and measures as will insure the most prompt and efficient realization upon the values in the Costilla property, and a winding up of its affairs and the affairs of the trust."

The declaration of trust set forth that three trustees were to hold the property for the purpose of reducing it to cash for division among its owners within the term of twenty years at longest. Vacancies in the office of trustee were to be filled by the remaining trustees. The provisions of the trust might be modified by the trustees if assented to by a majority of the certificate holders. The trustees had the power, which, however, they did not make use of, to "succeed to the company in the management and control of its operations, property and business."

Acting under this declaration of trust, the trustees assumed the direction of the financial affairs of the Costilla Estate Development Company, which continued its operations as before.

The question in this case was whether the Costilla Trust was subject to the stamp tax imposed by the acts of 1918 and 1921 (40 Stat. 1057; 42 Stat. 227) on the issue of stock by a corporation. In both these acts the word "corporation" was defined to include associations. The Costilla Trust was not a voluntary association under the laws of Massachusetts, but an express trust. Bouchard v. First People's Trust, 253 Mass. 351, 148 N. E. 895. Its organization was similar to that of the Wachusetts Real Estate Trust (for the name, see Hecht v. Malley, 265 U. S. 144, 148, 44 S. Ct. 462, 68 L. Ed. 949), involved in the case of Crocker v. Malley, 249 U. S. 223, 39 S. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601, which seems decisive of the case at bar.

It was contended for the government that under the later case of Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949, the tax could be sustained. In my opinion this contention is unsound. The Hecht Case did not overrule the Crocker Case, but held that three Massachusetts trusts which were there concerned were associations within the definitions of the taxing acts. In each of them, however, the beneficiaries had the supreme control, as they could remove the trustees. The only power which the beneficiaries in the present case had was to assent to a modification of the declaration of trust suggested by the trustees.

The plaintiffs' motion for judgment and their requests for ruling are granted. The defendant's motion for judgment is denied.

Judgment for the plaintiffs.