### NEAL et al. v. UNITED STATES.

District Court, D. Massachusetts.     May 24, 1928.

### No. 3149.

**Internal revenue** ☞9(26)—**Trust held not "corporation," subject to capital stock tax where shareholders had right only to receive share of income and assets (Revenue Act 1918, §§ 1, 1000 [Comp. St. §§ 5980n, 6371¼a]; Revenue Act 1921, §§ 2, 1000 [Comp. St. §§ 5980n, 6371⅘a]; Revenue Act 1924, §§ 2, 700 [Comp. St. §§ 5980n, 6371⅝a]).**

Where trust funds were employed by trustees in making loans on real estate mortgages, and in purchasing accounts receivable and contracts of conditional sale and stocks and bonds, but shareholders had no rights, other than to receive proportionate share of income and of assets in the event of liquidation, and all powers necessary for accomplishment of trust purposes could be exercised only by trustees, trust *held* not to be "corporation," subject to capital stock tax, under Revenue Act 1918, §§ 1, 1000 (Comp. St. §§ 5980n, 6371¼a), Revenue Act

1921, §§ 2, 1000 (Comp. St. §§ 5980n, 6371⅝a), and Revenue Act 1924, §§ 2, 700 (Comp. St. §§ 5980n, 6371⅝a); classification not being determined with reference to purposes of trust or nature of activities.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Corporation.]

At Law. Petition by J. Henry Neal and others against the United States, to recover capital stock tax paid under protest. Defendant demurs. Demurrer overruled.

William Harold Hitchcock, of Boston, Mass., for plaintiffs.

J. M. Leinenkugel, Sp. Asst. U. S. Atty., of Boston, Mass.

BREWSTER, District Judge. This is a petition under the Judicial Code as amended (28 USCA §§ 1–443) to recover capital stock tax paid under protest by the petitioner. The matter was heard on the defendant's general demurrer to the petition.

In the allegations of the petition the following pertinent facts are alleged:

The petitioners are trustees of the First People's Trust, under a written declaration of trust dated October 28, 1919. In 1925 they paid to the collector of internal revenue $22,786, of which amount $18,782 covered the capital stock tax assessed upon the trust for five tax periods, ending June 30 of each year from 1921 to 1925, inclusive. The balance of $4,004 was for the taxable period ending June 30, 1926. Claims for refund were duly filed, and were disallowed on October 14, 1927.

According to the terms of the declaration of trust the trust was organized for the purpose of undertaking and carrying on "anywhere any business, transaction, or operation which an individual could legally undertake and carry on conformable to the law of the land where the business, transaction, or operation is undertaken and carried on."

The capital of the trust is represented by shares divided into three classes, carrying different rights as to division of profits and in liquidation of assets.

The provisions of the trust agreement confer upon the shareholders no rights or powers other than to receive their proportionate share of the income and of the assets in the event of liquidation. They have no power, individually or collectively, to elect or remove trustees, or to terminate or modify the trust. In this trust the beneficiaries have not even the power to assent to amendments. All of the powers necessary for the accomplishment of the trust purposes can be exercised only by the trustees. The shareholders have never held any meetings, or attempted, jointly or individually, to exercise any control whatever over the action of the trustees or over the affairs of the trust.

The funds of the trust are employed by the trustees in making loans on real estate mortgages, including construction loans, and in making loans secured by collateral securities, and in purchasing accounts receivable, notes, and contracts of conditional sale, as well as stocks and bonds. The trustees own a large office building in Worcester, which they maintain and lease to numerous tenants.

The applicable provisions of the Revenue Acts of 1918, 1921, and 1924 are identical. Revenue Act 1918, tit. 1, § 1, and tit. 10, § 1000 (Comp. St. §§ 5980n, 6371¼a); Revenue Act 1921, tit. 1, § 2, and tit. 10, § 1000 (Comp. St. §§ 5980n, 6371⅝a); Revenue Act 1924, tit. 1, § 2, and tit. 7, § 700 (Comp. St. §§ 5980n, 6371⅝a).

Section 700, Act 1924, provides that "(1) every domestic corporation shall pay annually a special excise tax with respect to carrying on or doing business, equivalent to one dollar for each one thousand dollars of so much of the fair average value of its capital stock for the preceding year ending June 30 as is in excess of five thousand dollars. * * * (b) The taxes imposed by this section shall not apply in any year to any corporation which was not engaged in business * * * during the preceding year ending June 30. * * *"

And by section 2 of title 1 of the act the term "corporation" is defined to include associations, joint-stock companies, and insurance companies.

The Commissioner of Internal Revenue classified the trust as a corporation subject to the capital stock tax. The question now is whether the trust was properly classified for the purpose of taxation.

There has been a recent decision in this district dealing with a trust, the provisions of which were so much like those of the trust involved in the case at bar that the question raised can hardly be considered to be open, unless the decision in Hornblower et al. v. White (D. C.) 21 F.(2d) 82, is reversed on the appeal now pending.

The trust, of which the petitioners are trustees, came before the Supreme Judicial Court of the commonwealth of Massachusetts in the case of Bouchard v. First People's Trust, 253 Mass. 351, 148 N. E. 895, and it was there held that the trust was not a

voluntary association, within Gen. Laws Mass. c. 182, § 6, authorizing suits in actions at law against voluntary associations as if they were corporations. The court was of the opinion that the declaration of trust created an express trust, and not an association.

Not only in the interest of uniformity, but in the belief that the distinction drawn between associations and express trusts is sound in principle, I am prepared to concur in the views expressed in Hornblower et al. v. White, supra, and in Bouchard v. First People's Trust, supra. These decisions leave no room for doubt that the trust in question does not come within the definition of the word "corporation," as that word is defined in the Revenue Acts of 1918, 1921, and 1924.

The government contends that the classification must be determined with reference to the purposes of the trust, or the nature and extent of the activities of the trustees carried on in pursuance of those purposes. Neither Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949, or Burk-Waggoner Association v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183, cited by the defendant, support this contention. In the latter case Mr. Justice Brandeis points out that the Burk-Waggoner Association is an unincorporated joint-stock association, like those described in Hecht v. Malley, supra, and these trusts were distinguished by Judge Lowell from the trust before the court in the case of Hornblower et al. v. White, supra. They are even more distinguishable from the trust in the case at bar.

The demurrer is overruled.