## LITTLE FOUR OIL & GAS CO. v. LEWELLYN.

## SAME v. HEINER, Internal Revenue Collector.

Circuit Court of Appeals, Third Circuit. September 26, 1929.

Nos. 3980, 3981.

Wm. G. Heiner, of Pittsburgh, Pa., for appellant.

John D. Meyer, U. S. Atty., and John A. McCann, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Rowland S. H. Dyer, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and FAKE, District Judge.

WOOLLEY, Circuit Judge. The defendant Collectors of Internal Revenue (In office at different periods) assessed against the plaintiff company taxes at the corporation rate on its net income and profits for the years 1919 and 1920. The company paid the taxes under protest and after its claim for refund had been made and rejected brought these suits to recover the same. On questions of law arising from the pleadings as though on demurrer under the Pennsylvania Practice Act, the District Court entered the judgments against the company which, by these appeals, it brings here for review. These questions—compressed into one—are whether the Little Four Oil & Gas Company, describing itself as a trust and acting through trustees, was, during the tax years, a trust of the nature of Massachusetts trusts, not doing business but merely receiving and distributing profits and therefore not subject to taxation at the corporation rate upon its net income, or was an association or joint-stock company and as such liable for taxes on its net income as a corporation in accordance with sections 1, 230 and 231 of the Revenue Act of 1918 (40 Stat. 1057, 1075, 1076) which declared that the term "corporation" includes "associations" and "joint-stock companies" and prescribed that they should pay taxes as such.

The answer to this question turns, we think, on the facts stated and admitted in the pleadings rather than on any novel aspect of law, for the law has from time to time been declared by the courts on the cited provisions of the Revenue Act of 1918 (40 Stat. 1057) and on the same and kindred provisions of the Revenue Acts of 1916, 1921 and 1924.

The formation of associations and trusts of the character of the one here involved, whereby escape from taxes is sought, and sometimes obtained, was stimulated generally by the decision in United States v. Emery et al., 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825, where it was held that a concern engaged simply in collecting and distributing rent and income is not doing business within the meaning of the Corporation Tax Law of 1909 (36 Stat. 112, § 38), and particularly by the decision in Crocker v. Malley, 249 U. S. 223, 39 S. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601, where it was held with reference to a "Massachusetts Trust" that neither the trustees nor the beneficiaries nor all together, could be regarded as a joint-stock association within the meaning of the Income Tax Law of 1913 (38 Stat. 114) and that dividends upon stock in the hands of the trustees were not subject to the extra tax imposed by G(a) of that act (Act of October 3, 1913, c. 16, § 2, G[a], 38 Stat. 172). But the court did not by this decision hold that all trusts, or indeed, all Massachusetts trusts, are so exempt from taxation, for later it recognized the distinction stated in III Cook on Corporations, 2251, in respect to trusts, even of the Massachusetts type, that they are of two classes: One, where the trustees merely collect dividends or interest, or rentals, and distribute them among the shareholders—a simple common law trust similar in legal effect and in exemption from certain taxation to a trust under a will where the trustee merely collects income and distributes it among beneficiaries; the other, where a trust is organized or declared for business purposes and the trustees carry on an active business for profit, regarded as a plain unincorporated joint-stock association and liable for taxes at the corporation rate. The theory that the distinction between trusts of these classes and their consequent liability for taxes is based on the powers exercised by the shareholders—great or little—is no longer seriously regarded. The real test is whether shareholders or trustees, or both combined, carry on business for profit, and, if they do, they constitute a business trust—in legal effect an association or a joint-stock company—with liability for taxes. The Supreme Court made this test with reference to trusts in Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949, distinguishing

Crocker v. Malley, 249 U. S. 223, 39 S. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601, and with reference to unincorporated joint-stock associations in Burk-Waggoner Oil Ass'n v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183. An illuminating discussion of the subject with supporting authorities may be found in Hornblower v. White, 21 F.(2d) 82, where the District Court for the District of Massachusetts held, on one state of facts, an association a trust, not a corporation and therefore not subject to the taxes imposed, affirmed by the Circuit Court of Appeals for the First Circuit in 27 F.(2d) 777; and in Neal v. United States, 26 F.(2d) 708, where the District Court for the same district held an association a trust, not a corporation and not subject to the taxes imposed, but the Circuit Court of Appeals for the same circuit reversed its decision on authority of the law of the Hornblower Case as applied to the different state of facts.

So, as stated at the beginning, the question in this case, primarily one of law, turns on the facts and is to be determined from the facts pleaded and admitted, viewed in the light of the law, the test being whether the trust is a business concern and the trustees are operating it in active business for profit.

The appellant in its brief frankly states that:

"The trust (in this case) was created for the purpose of buying and selling real estate and mining and drilling for oil and gas thereon. * * * The trust engaged in business pursuant to the purpose as set forth in the declaration of trust, during the years in question."

While these concessions might be enough, we prefer briefly to state the facts on which our decision will be grounded. These appear in a declaration of trust, made in 1916 and amended in 1918. Summarized, they are as follows:

G. A. Gill acquired by lease certain lands in Pennsylvania with the right and "for the purpose of leasing, mining and operating for oil and gas and in laying pipe lines and building tanks, stations and structures thereon to take care of said products." Gill assigned all his rights to Friday, Seybold, Ballard and to himself. These four men then assigned the same to themselves upon a trust which (first reciting that they had entered into an agreement with two others for the purpose of drilling for oil and gas on the premises described and had assigned the agreement to themselves as trustees) they declared as follows: That the name of the trust shall be Little Four Oil and Gas Company; that its capital stock shall consist of 200 shares of preferred and 200 shares of common, later enlarged to 1,000 shares without preference; that the trustees shall issue to each of themselves 50 shares of the common stock—all the original issue; that they may invite and receive cash or property in payment for interests in the trust fund, in other words, sell stock for cash or property; that the shares of stock, variously and successively held, shall be transferable and that death of a holder of shares shall not operate to terminate the trust; that the trustees shall make report of receipts and disbursements to the stockholders, declare dividends, acquire, set up and use a surplus entirely within their discretion and in all matters be substantially independent of control by the stockholders; that the trustees shall appoint, remove or re-appoint such officers and agents as they shall determine, defining their duties and fixing their compensation; that all contracts in relation to the business of the trust shall be made by the trustees and signed by three of them; that property presently held and thereafter acquired shall be for the benefit of stockholders, not as partners but in trust, without personal liability of either the trustees or stockholders for the debts of the trust; that the trust shall continue for twenty-one years and the trustees be self-perpetuating. That the trust earned in the oil and gas business the income and profits which it stated in its income tax return and on which the tax was assessed and collected was not disputed.

As the character of the trust, whether or not a subject of federal taxation, is to be determined not by the broad powers of the trustees or by the limited powers of the stockholders but by what the trust was actually doing through its trustees, we hold on these facts that the Collectors were right in regarding this organization, however named, as an unincorporated association conducting a business for profit in quasi corporate form, liable for taxes at the corporation rate by force of the provisions of the applicable revenue act, and that the judgments of the District Court sustaining the Collectors must be

Affirmed.