**PAGE v. McLAUGHLIN, Collector of Internal Revenue.**

No. 16580.

District Court, E. D. Pennsylvania.

Oct. 11, 1933.

Albert Branson Maris and Thomas Raeburn White (of White, Schnader, Maris & Clapp), both of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa., and L. H. Baylies, Gen. Counsel's Office, and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C., for defendant.

KIRKPATRICK, District Judge.

This is a suit to recover $9,987.33, with interest, paid by the plaintiff as a deficiency income tax assessed, at the corporation rate, against the "Page Family Trust, Howard W. Page, Trustee," for the calendar year 1928. The assessment was made by the Commissioner of Internal Revenue upon the theory that the Page Family Trust was an association within the meaning of section 701 of the Revenue Act of 1928 (26 USCA § 2701). If so, it was properly taxable as a corporation, since that section provides that the term "corporation" when used in the act includes associations. The correctness of this determination is the only question involved in the case.

■ At the close of the testimony both sides moved for a directed verdict without reservation, thus submitting the cause to the court.

The undisputed facts are as follows: In 1901, Howard W. Page purchased, in his own name, a legal periodical in the city of Philadelphia known as "The Legal Intelligencer," together with the publishing business connected with it. He paid a part of the purchase price with his own money, the remainder being paid by his brother, William Byrd Page, his sister, Ethel Page Large, and his father, S. Davis Page. There was no written declaration of trust, nor has any other written agreement relating to the trust, the interests of the parties in the business, or its conduct or control, ever been executed. Nor, so far as appears, was any express verbal agreement made. From the circumstances of the purchase, the adoption of the name, Page Family Trust, and from general acquiescence, it may be assumed that the parties considered Howard W. Page's title as that of a trustee under a resulting trust, the interests of the cestuis que trustent being in proportion to their contributions to the purchase price.

From the time of the acquisition of the business, Howard W. Page conducted it in all respects as though it were his own. The beneficiaries have never exercised any control over its management. They have never been consulted nor have they ever held any meetings or concerned themselves with its policies large or small. No certificates of interest have ever been issued.

It was understood that profits were to be divided among the beneficiaries in proportion to their contributions to the purchase price of the business, and from time to time they have been so divided, but the trustee has determined, without any interference, what portions of the profits were to be divided, how much were to be carried to surplus, how to invest principal and surplus, and in general has conducted the business as though he were the sole proprietor.

Having regard to the various tests which the courts have proposed for determining what trusts are to be classified as associations under section 701, the salient features of this trust are as follows:

(1) The trust carries on a commercial business for profit.

(2) There is a total absence of quasi corporate organization or form.

■ On the last point, there is no merit in the defendant's contention that such organization and form can be found in the facts that dividends were paid in proportion to shares contributed, and that the single trustee exercised powers equivalent to those of a board of directors, and in certain similarities to corporation bookkeeping, such as setting up a fixed capital and surplus and treating the contributions of the beneficiaries as capital. On the contrary, the plain fact is that the trust presents scarcely a single feature of corporate structure or management. It is totally unorganized. The conduct of the enterprise is vested in a single person who is entirely free from control or interference by the other beneficial owners. There is no machinery by which the latter may periodically exercise any choice in the selection of a trustee or any power to remove him. The discretion of the trustee or managing agent as to the distribution or other disposition of profits is unlimited, save by the ordinary duties of trusteeship, nor are regular reports required. The interests of the beneficiaries are not evidenced by transferable certificates, but depend wholly upon the implications which the law draws from their original contributions to the enterprise.

In Ittleson v. Anderson (D. C.), 2 F. Supp, 716, 720, in an opinion which contains an illuminating résumé of the decisions upon this vexed question Judge Knox says that, apparently, the judicial emphasis has been placed upon the first of the two features stated above and concludes: "On the whole, it would appear that the weight of authority has regarded the business activity of the trustees as the controlling factor." But neither that case, nor any other which I have found, goes to the length of holding that an ordinary resulting trust vested in a single trustee without a suggestion of corporate or quasi corporate form or structure can be held to be an association, even though the trustee conducts a continuing business for profit.

It is true that in Little Four Oil & Gas Company v. Lewellyn (C. C. A.) 35 F.(2d) 149, 150, Judge Woolley says: "The real test is whether the shareholders or trustees, or both combined, carry on business for profit, and, if they do, they constitute a business trust—in legal effect an association or a joint-stock company—with liability for taxes," which is rather broad language, and, if disassociated from the facts of the case, might point in that direction. But, if we turn to the statement of facts contained in the opinion, it will be seen that the trust in that case had a rather highly developed quasi corporate structure, having a board of four trustees, issuing common and preferred stock with transferable certificates, and providing for regular declaration of dividends, reports by trustees, etc. That the court recognized the form of organization as a material element in its decision appears from the last sentence of the opinion, in which Judge Woolley says: "As the character of the trust * * * is to be determined * * * by what the trust was actually doing through its trustees, we hold on these facts that the Collectors were right in regarding this organization, however named, as an unincorporated association conducting a business for profit in quasi corporate form, liable for taxes at the corporation rate. * * *"

The case of Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 468, 68 L. Ed. 949, while it modifies the earlier decision of Crocker v. Malley, 249 U. S. 223, 39 S. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601, to the extent of suggesting that it might not be improper in some cases to group together beneficiaries and trustees in order to turn them into an association (thus somewhat impairing the argument that a trust with a single trustee can never be an association), and while it rules that you may have an association where there is only a "slight measure of control," unquestionably proceeds to a large extent upon the ground that the parties were "associated together in much the same manner as the directors in a corporation for the purpose of carrying on business enterprises." I do not believe that, in view of that decision, the element of quasi corporate form can now be entirely eliminated as a test of the character of the associated group, though I am quite willing to concede that the most important consideration is the character of its activities. Unless the rationale of Hecht v. Malley is to be disregarded, some semblance of organization is necessary. It is wholly lacking here. The present case appears to be sui generis by reason of the informal nature of the trust, and the holding that the trust is not an association does not represent a backward step from the rule of Little Four Oil & Gas Company v. Llewellyn, supra.

I therefore conclude that this trust is not an association within the meaning of section 701 of the Revenue Act of 1928 (26 USCA § 2701), and affirm the plaintiff's general point, allowing an exception, and find a general verdict in favor of the plaintiff in the amount claimed with interest.

Judgment may be entered accordingly.