ITTLESON et al. v. ANDERSON, Collector of Internal Revenue.

No. 36.

Circuit Court of Appeals, Second Circuit.

Nov. 6, 1933.

Bernhard Knollenberg, of New York City (Lord, Day & Lord, of New York City, of counsel), for appellants.

George Z. Medalie, U. S. Atty., of New York City (Harry G. Herman and Murray I. Gurfein, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellants brought this action to recover capital stock taxes paid by a trust, established under the laws of Massachusetts, which were levied under the provisions of the Revenue Acts of 1918, 1921, and 1924, for the years 1921, 1922, 1923, 1924, 1925, and 1926. The taxes are based on the claim that the trust, of which the appellants are trustees, is a business association and subject to the capital stock tax on the same basis as corporations. The provisions of the three taxing acts (Revenue Act 1918, § 1000, 40 Stat. 1126, Revenue Act 1921, § 1000, 42 Stat. 294, and Revenue Act 1924, § 700, 26 USCA § 223 note) are substantially the same, and impose annually a special excise tax with respect to carrying on or doing business equivalent to $1 for each $1,000 of so much of the fair average value of its capital stock for the preceding year ending June 30th as is in excess of $5,000 (Revenue Act of 1918, § 1000, 40 Stat. 1126). The taxes imposed by this section do not apply in any year to any corporation which was not engaged in business during the preceding year ending June

30th. And section 1 of the Revenue Act of 1918 (40 Stat. 1058) defines corporations as including associations, joint-stock companies, and insurance companies.

The trust, for which the appellants are trustees, was established in 1919 by the named beneficiary. By article IX of the declaration of trust, the duration of the trust is limited to the lives of the grantor and the members of his immediate family and an additional period of three years. At the time of its creation, he conveyed property to himself and two cotrustees to be held in trust for the benefit of the holders of certificates of beneficial interest. Two certificates, representing the entire beneficial interest, were issued to the grantor as a single beneficiary, and the beneficial interest remained so throughout the entire period in question. The property consisted of five blocks of stock, most of which remained unsold from the inception of the trust throughout the tax years in question. The trustees collected the dividends and interest from the trust investments and paid over part of the income to the grantor as the sole beneficiary. Most of the remainder of the income was reinvested by loaning it to the grantor, and, in one or two instances, with his approval, to companies in which he was interested. Provisions were made in the trust instrument for the election of officers, appointing executive committees, and for a common seal; but none of these devices was used. The trustees assumed and carried on entire control over the trust. The beneficiary was empowered to elect successor trustees in case of death or resignation, but had no power to remove trustees.

The appellants maintain that the trust was not an association within the Revenue Acts in question because (a) there was but one beneficiary of the trust, and therefore there could not be any association, statutory or otherwise; (b) that the appellants, during the years in question, were not engaged as trustees in carrying on a business enterprise; and (c) that the trust instrument did not provide for a quasi corporate form of organization.

As to (a), the argument is advanced that a single beneficiary cannot constitute an association, as that term is used, because an essential ingredient of an association is a union of at least two persons for the prosecution of some common enterprise. Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 467, 68 L. Ed. 949. It is true that the definition of an association as a "body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise," stated in Hecht v. Malley, supra, suggests the presence of not only the methods and forms of a corporation, but also a plurality of persons united in the use of such forms and methods. Usually there are a number of trustees and of beneficiaries in a business trust, but there is no reason to say that every business trust must have more than one trustee and more than one beneficiary at all times. This tax is a special excise on the privilege of doing business in a certain form. The test is whether or not business is being conducted in a quasi corporate form. Hecht v. Malley, supra. The fact that negotiable shares of beneficial interest, which may be transferred at any time, may be lodged in the hands of one beneficiary for a time or even for the duration of the association does not change the fact that the business is being conducted by the trustees in quasi corporate form.

After the decision in Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949, the Treasury Department, in conformity with that opinion, promulgated article 1504, Regulation 65, providing: "Holding trusts, in which the trustees are merely holding property for the collection of the income and its distribution among the beneficiaries, and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business, are not associations within the meaning of the law. The trust and beneficiaries thereof will be subject to a tax as provided in articles 341–347. Operating trusts whether or not of the Massachusetts type, in which the trustees are not restricted to the mere collection of funds and their payments to the beneficiaries, but are associated together in much the same manner as directors in a corporation for the purpose of carrying on some business enterprise, are to be deemed associations within the meaning of the Act regardless of the control exercised by the beneficiaries."

This regulation is not only in conformity with the authority of the statute, but has found approval in the decided cases. Hecht v. Malley, 265 U. S. 144, 161, 44 S. Ct. 462, 68 L. Ed. 949; Sloan v. Com'r, 63 F.(2d) 666 (C. C. A. 9); White v. Hornblower, 27 F. (2d) 777 (C. C. A. 1). The rule is that control by the beneficiary is not the determinative factor in deciding whether a Massachusetts trust, engaged in doing business, is subject to the federal tax as an association. This rule supports the view here adopted that a trust may be an association even though the nego-

tiable certificates of beneficial interest are held by one beneficiary.

As to (b), this trust was created in Massachusetts on December 31, 1919, and, in addition to the terms referred to, the trust instrument recites as its general purposes the investment and liquidation of the trust estate and gives the trustees power to engage in any business to promote the general purposes and provides for transferable certificates of beneficial participation. It provided all the powers of administration usual in the form of business associations known as a Massachusetts trust. It has been authoritatively settled that such a trust may be an association within the Revenue Acts. Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949. Many trusts have been held taxable as associations. Sloan v. Com'r, 63 F. (2d) 666 (C. C. A. 9); Merchants' Trust Co. v. Welch, 59 F.(2d) 630 (C. C. A. 9); Trust No. 5833, Security-First Nat. Bank, v. Welch, 54 F.(2d) 323 (C. C. A. 9); Little Four Oil & Gas Co. v. Lewellyn, 35 F.(2d) 149 (C. C. A. 3); United States v. Neal, 28 F.(2d) 1022 (C. C. A. 1). Other trusts have been held not to be taxable as an association. Lansdowne Realty Trust v. Com'r, 50 F.(2d) 56 (C. C. A. 1); Gardiner v. United States, 49 F.(2d) 992 (C. C. A. 1); Allen v. Com'r (C. C. A.) 49 F.(2d) 717.

■ An examination of these cases indicates the rule to be that whether or not a particular trust is taxable as an association depends not so much upon the extent of the powers given to the trustees in the deed of trust, but rather upon the nature of the activities of the trustees and the use they make of the powers given to them. Gardiner v. United States, supra. A distinction is to be drawn between the activities of trustees under a strict trust as distinguished from the activities under a business trust. Even in the strict trust the activities of the trustees, in preserving the trust estate, may partake of the nature of business transactions. It is a matter of degree. When, on the one hand, the trustees promote and conduct a particular business enterprise with the trust estate, it is considered an association. The usual type is a trust for the development of real estate (Trust No. 5833, Security-First Nat. Bank v. Welch, supra) or for the active management of developed real estate (U. S. v. Neal, supra). When, on the other hand, a trustee is merely engaged in the amount of business activity necessary to preserve the corpus and otherwise discharge the functions traditionally attributable to a strict trust, it is not treated as an association. Lansdowne

v. Com'r, supra; Gardiner v. Com'r, supra; Allen v. Com'r, supra. Between these extremes is the field where trustees in the management of trust property engage in considerable business activity, and the question then presented is whether they function as a business organization or merely as trustees under the modern conception of what a strict trustee has a duty and right to do.

■ In the present case, the trustees were not engaged in the promotion or preservation of a specific trust res like real estate as in the cases cited, but were intrusted with shares of stock which we may expect to be subject to considerable activity and exchange even in the hands of trustees under a strict trust. Preservation of the corpus requires acceptance of stock dividends, exercise of stock rights, and, in some cases, sale, exchange, and purchase of stock. In the modern use of the trust device a trustee of the strict trust, traditionally concerned with preservation, may engage in some activities with a view of an accretion to the corpus. A distinction between a strict and business trust cannot be made solely upon the presence or absence of the profit motive. When that motive exists in a strict trust, it is to a restricted extent. When the trustee of an estate consisting of securities engages in considerable business activity and is trading those securities and loans and invests the proceeds so that he is in reality conducting an investment business for profit, then the estate is in business and is taxable as an association.

Examining the activities of the trust in the instant case, for the years in question, it will be noticed that some of the securities originally in the corpus were sold; others were exchanged for stock of corporations controlled by the sole beneficiary; stock dividends were received; money was borrowed to exercise stock rights; loans were made to the beneficiary and to corporations he controlled; notes of a corporation, whose stock was in the original trust estate and retained there, were bought and sold the next year; stock and bonds of the corporations not connected with the corporations represented in the original corpus were purchased and sold within the year or in the next year on two occasions; and an interest in an oil syndicate was purchased. Activities such as the purchase and sale of stock and bonds of corporations not connected with the corporations represented in the original corpus and the purchase of an interest in an oil syndicate for profit (May Stores stock, U. S. Public Service Bonds; Amster Syndicate) were sufficient upon which to base a finding that

this was a business trust, although the other activities of the trustees considered alone might well have been within the limits of a strict trust.

The issues were tried before a jury of one, but both sides moved for the direction of a verdict without more, and a decision was made by the court on this issue of fact. Since both parties moved for a direction of a verdict, a finding by a court having substantial evidence to support it is conclusive upon us. Williams v. Vreeland, 250 U. S. 295, 39 S. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038. On this finding, the judgment below must be supported, even though other activities of the trust referred to may well be argued not to come within the limits of a business trust.

The question remains whether the evidence warrants a finding that the trust was engaged in business in each taxable year. There is some evidence supporting the finding below that they were engaged in business during each of the years in question. In these circumstances, the trust was taxable as an association engaged in business in each taxable year. Edwards v. Chile Copper Co., 270 U. S. 452, 46 S. Ct. 345, 70 L. Ed. 678; Argonaut Consolidated Min. Co. v. Anderson, 52 F.(2d) 55 (C. C. A. 2).

Since the activities of the trust were found below, with evidence to support that finding, to be engagement in business during each taxable year, the judgment is affirmed.