## REINECKE v. KAEMPFER et al.
### No. 5086.

Circuit Court of Appeals, Seventh Circuit.
June 26, 1934.

Rehearing Denied Sept. 28, 1934.

F. D. Wideman, U. S. Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Asst. Atty. Gen., and Dwight Green, U. S. Dist. Atty., of Chicago, Ill., for appellant.

Frederick A. Thulin, J. C. Gregory, and A. E. Minetor, all of Chicago, Ill., for appellees.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

The United States Collector of Internal Revenue appeals from a judgment of the District Court which awarded appellees, as trustees, $346.50 as overpayment of taxes levied for the taxable years 1924, 1925, and 1926 under section 700 (a) (1) and section 2 (a) (2) of the Revenue Act of 1924 (26 USCA § 223 note, and § 1262 (a) (2) and note),[1] providing for an annual capital stock tax on corporations and associations.

One Kaempfer founded and for a great many years conducted a seed and bird store in Chicago. From about 1910, after Kaempfer and his wife had died, a son, Fred Kaempfer (an appellee), conducted and apparently owned the business. In 1919 he organized a corporation to take over the business, and to it the assets were conveyed. Of this corporation Fred was president, his son, Fred William, vice president, and his son-in-law, Seeberger, secretary and treasurer. These officers were the directors. They devoted all their time to the business, and held occasional meetings, of which minutes were kept. In 1921 the corporation was dissolved and the assets of the business were conveyed to a trust, whereof the two Kaempfers and Seeberger were the trustees, and they with Helena and Clara Kaempfer, wife and daughter of Fred, were beneficiaries. The authorized capital stock of the corporation was $50,000, of which Fred held $24,000 and Fred William and Seeberger each $500. The remainder was unissued. There were no certificates of stock

---

[1] Sec. 700 (a) (1): "Every domestic corporation shall pay annually a special excise tax with respect to carrying on or doing business, equivalent to $1 for each $1,000 of so much of the fair average value of its capital stock for the preceding year ending June 30 as is in excess of $5,000. In estimating the value of cap-

ital stock the surplus and undivided profits shall be included * * *." 43 Stat. 325.

Sec. 2. (a) (2): "The term 'corporation' includes associations, joint-stock companies, and insurance companies." 43 Stat. 253.

or of interest in the trust. When the trust was organized Fred conveyed to it all his property except his homestead. This included the corporate assets and some securities, all valued at about $45,000.

The trust instrument provided the trustees should have "full and plenary powers" to buy, sell, lease, mortgage, and exchange property of all kinds, and to loan or borrow money, "granting to the trustees the same powers and rights as if they were the sole owners of the property." It was provided that the trustees account to the beneficiaries, and that they be paid salaries and be indemnified out of the trust property for liability, if any they might incur as trustees; but it was provided that the trustees would be exempted from personal liability for obligations incurred by the trust. Provision was made for successors in trust; and it was provided that the trust should continue until the decease of Fred's wife and daughter, or that it might sooner be terminated by him with the consent of one or more trustees, or upon the consent of the two women. The income of the trust was to be distributed annually among the beneficiaries, or in lieu thereof certain specified payments were to be periodically made to them.

During the taxable years the trustees actively carried on the seed and bird business as it had theretofore been conducted, devoting their entire time to the business. The determining question is, whether the trust is to be regarded as a taxable "association" under the provisions of the act. The District Court held it was not, upon the sole ground that the trust did not use the forms and methods of business corporations.

In Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 468, 68 L. Ed. 949, the court said:

"We conclude, therefore, that when the nature of the three trusts here involved is considered, as the petitioners are not merely trustees for collecting funds and paying them over, but are associated together in much the same manner as the directors in a corporation for the purpose of carrying on business enterprises, the trusts are to be deemed associations within the meaning of the Act of 1918 * * *."

In Article 1504, Treasury Regulations 69, it is stated:

"Even in the absence of any control by the beneficiaries, where the trustees are not restricted to the mere collection of funds and their payment to the beneficiaries, but are associated together with similar or greater powers than the directors in a corporation for the purpose of carrying on some business enterprise, the trust is an association within the meaning of the statute."

In these references to a similarity to corporate enterprises it surely was not intended to hold that, in order to constitute a statutory taxable association of an aggregation of persons who are not partners, there must be present all the elements and conditions essential to corporate existence. If this were so, then the entity would be a corporation and no such question could arise. A manifest distinction is the ultimate fact that the entity sought to be taxed is *not* a corporation. It must therefore be different from a corporation. The business here was, during the taxable years, carried on by these trustees in much the same manner that it had just before been carried on by the corporation; the same persons were in charge, and no difference whatever is pointed out in the manner of its conduct. The trustees, as the directors before them, met occasionally to discuss the business, and minutes of such meetings were kept; annual audits were made; merchandise was bought and sold; and so far as anything to the contrary appears, there was no fundamental change in the general nature of the business during the near three-fourths of a century since it was founded and carried on with apparent success. It is plain that from its inception the business was carried on for profit. The powers and duties of the trustees in the carrying on of the business were not substantially different from those of the antecedent corporate directors.

As we pointed out in Sears, Roebuck, etc., v. Commissioner, 45 F.(2d) 506, there are various kinds of corporations, some with and some without shares of stock; and some for and others not for pecuniary profit. And it was there held that shares of stock, or the equivalent, and assignable interests of beneficiaries were not essential to constitute a taxable association under the statute. The entity there involved was without shares of capital stock and without assignable interests, but it was held to be a taxable association under the act.

We are satisfied that the similitude referred to is not in those essentials which distinctly stamp the entity as a corporation, but rather in the business carried on and the manner of its transaction. This entity carried on its business in substantially the same way that a corporation would have carried it on. It regularly bought and sold merchandise for the purpose of realizing profit thereon; it

constituted the persons to carry on the business, and even made provision for exemption of the trustees from personal liability for trust obligations, much as in the case of business corporations.

In addition to the cases above cited, some other cases which indicate that an entity such as this one is to be treated as a taxable association under the statute are: Tyson v. Commissioner, 54 F.(2d) 29 (C. C. A. 7); Merchants' Trust Co. v. Welch, 59 F.(2d) 630 (C. C. A. 9); Little Four Oil & Gas Co. v. Lewellyn, 35 F.(2d) 149 (C. C. A. 3); Trust No. 5833, Security-First Nat. Bank v. Welch (D. C.) 50 F.(2d) 613.

The judgment of the District Court is reversed, and the cause remanded with direction for further proceedings in consonance herewith.