OPINION. Hill, Judge: The respondent contends that American Participa-tions-Trust is an association taxable as a corporation within the meaning of section 8797[1] of the Internal Kevenue Code and the sections of the revenue acts applicable to the years before us. He argues specifically that this case is not distinguishable from Commissioner v. North American Bond Trust Co., 122 Fed. (2d) 545, certiorari denied, 314 U. S. 701, because #7.01 of the trust indenture, which is set forth in full in our findings, “confers on the Trustee the power to reinvest proceeds from the sale of undesirable stocks in proportions other than those originally specified in the trust indenture” or, in other words, it gives the trustee the power to vary the investment within the meaning of the above case and Regulations 111, section 29.3797-2,[2] as amended by T. D. 5468. The petitioner, on the other hand, urges that the trust in question is not so taxable because there are “* * * no powers in any party or combinations of powers in any parties beyond those which are necessary incidents to the preservation of trust property, the collection of income therefrom and its distribution to the accounts of the beneficiaries.” It relies principally upon the case of Commissioner v. Chase National Bank of City of New York, 122 Fed. (2d) 540, affirming 41 B. T. A. 430. The petitioner argues that #7.01 should be construed together with #11.11, which is set forth in our findings. It then states: The plain meaning of sections 7.01 plus 11.11 would appear to be that the word “thirty-four” in paragraph 11.11 is altered by action taken under section 7.01 of the Indenture by inserting in lieu thereof such lesser number as may be appropriate. Such would appear to be the necessary effect of section 7.01 where it speaks of “Portfolio Units” from which the eliminated stock or stocks'have been removed. Nowhere does section 7.01 require or justify a change, in fact, of the provision of section 11.11 which describes Portfolio Units as consisting of “one share each” of the stocks remaining authorized for purchase by the Trustee. It further argues in support of its position that the respondent’s interpretation would make the indenture as a whole unworkable for “* * * in the case of a withdrawal in kind, the trust would be impossible to administer unless all the underlying units of securities were identical.” In Morrissey v. Commissioner, 296 U. S. 344, the Supreme Court said that a business trust was a taxable association when it had (1) a continuing entity throughout a trust period; (2) centralized management; (3) continuity of the trust uninterrupted by death among the beneficial interests; (4) means for transfer of beneficial interests; and (5) limitation of personal liability of participants to property embarked in the undertaking. See discussion of the Morrissey case in Commissioner v. City National Bank & Trust Company, 142 Fed. (2d) 771, certiorari denied, 323 U. S. 764. The powers granted by the trust indenture to the trustee, and not the extent to which these are used, determine whether or not it constitutes an association taxable as a corporation. Morrissey v. Commissioner, supra; Helvering v. Coleman-Gilbert Associates, 296 U. S. 369. The powers and duties of the trustee should be added to those of depositor in appraising the full amount of management activities and trust objects. Commissioner v. Chase National Bank, supra. The United States Court of Appeals for the Second Circuit in Chase National Bank, supra, relying on the, Morrissey case, supra, by a divided court, held that when the power of the trustee, or the trustee and the depositors combined, is to determine only that certain securities should be weeded out of a portfolio unit whenever they become unsound for investment and retain the remainder, the trust was not organized and administered in such a way as to be an association taxable as a corporation under the revenue statutes. Reinvestments there were forbidden, the proceeds of all sales being distributed. See 41 B. T. A. 430, 441. The Court determined that in that instance the trustees and the depositor, or both combined, were not doing business, but instead were merely holding and preserving trust property. The Court, however, on the same day it handed down the decision in the Chase National Bank case, held, again by a divided court, that if the depositor or trust, or both combined, have the power to vary the existing investments of all certificate holders at will, and in this way “* * * take advantage of the market variations to improve the investments, it is an association taxable as a corporation.” Commissioner v. North American Bond Trust, supra. See Mertens, Law of Federal Income Taxation, section 43.24. We believe that the respondent’s determination is erroneous. We agree with petitioner that the provisions of #7.01 should be considered together with those of #11.11, which defines a portfolio unit as consisting of one share each of the specified corporations. In view of #11.11 of the trust indenture we can not hold that the depositor or the trustee, or both combined, had any authority to increase the number of shares of any portfolio unit so that any unit would comprise more than one share each of any of the authorized securities. Although, as above pointed out, the granted powers in the trust indenture and not the extent to which they are used determine whether or not it constitutes an association taxable as a corporation, we nevertheless believe that here the conduct of the trustee and/or depositor is of material aid in determining the authority they had under the trust indenture. Neither the trustee nor the depositor ever reinvested in the portfolio units from which the undesirable securities were removed. They did not because, as their officers testified, it was felt there was no authority under the trust indenture so to do. After the undesirable securities were removed, the portfolio units consisted only of one share each of the remaining 31 approved corporations. In support of his position, the respondent cites Commissioner v. North American Bond Trust, supra, and Commissioner v. City National Bank & Trust Company, supra. The North American Bond Trust case is not applicable since, as we have pointed out above, there is no power in the trustee or depositor here to vary the investment. In City National Bank & Trust Company, the Court stated that that case was distinguishable from Chase National Bank, supra. The instant case is not so distinguishable. In the Chase National Bank case, the Court of Appeals said in part as follows: In determining tire character of these trusts the powers and duties of the trustee should be added to those of the depositor in order to arrive at the full amount of permitted managerial activity and its object. When that is done we find the permitted activities could, and the actual activities did, affect the property held in trust only by weeding out whatever became unsound for investment and retaining the remainder. That, we think, prevented the trusts from being, or becoming, more than what are sometimes called strict investment trusts. What they were when created is determinable from the trust agreements and the application of the principles set forth in Morrissey v. Commissioner, 296 U. S. 344, 56 S. Ct. 289, 80 L. Ed. 263, leads to the conclusion, in support of the Board’s decision, that the trust property was to be held for investment and not to be used as capital in the transaction of business for profit like a corporation organized for such a purpose. This distinction is what makes the difference tax-wise. Sears, Trustee, v. Hassett, 1 Cir., 111 E. 2d 961. Though what was actually done controls, Ittleson v. Anderson, 2 Cir., 67 E. 2d 323, it was found that nothing was done to change the original character of the trusts. The latter involves questions of fact as to which the Board’s findings are conclusive if supported by the evidence. Helvering v. National Grocery Co., 304 U. S. 282, 58 S. Ct. 932, 82 L. Ed. 1346. The Board, on ample evidence, found that there was no exercise by the trustee, the depositor, or both combined of “any powers beyond those which are necessary incidents to the presevation of trust property, the collection of income therefrom and its distribution to the holders of trust shares.” That being so, these trusts do not fall within the statute upon which the Commissioner relies. The Court of Appeals in that case affirmed our decision therein. We adhere to that decision and accordingly hold for the petitioner here. In view of our holding on the principal issue, we also hold that petitioner is not liable for any penalty under the provisions of section 291 (a) of the Interna] Revenue Code and corresponding provisions of the Revenue Acts of 1936 and 1938 for failure to file returns for the years in question. Decision will be entered for petitioner. SEC. 3797. DEFINITIONS. (a) When used In tliis title where not otherwise distinctly expressed or manifestly incompatable with the intent thereof— ******* (3) Corporation. — The term “corporation” includes associations, joint-stock companies, and insurance companies. ******* Section 901 (a) (2) of the Revenue Act of 1938 and section 1001 (a) (2) of the Revenue Act of 1936 contain similar language. The applicable regulations are: Regulations 111, sections 29.3797-1, 29.3797-2 and 29.3797-3 ; Regulations 101, article 901-2; Regulations 94, article 1001-2. REGULATIONS 111. Sec. 29.3797 — 2. Association. — The termi “association” is not used in the Internal Revenue Code in any narrow or technical sense. It includes any organization, created for the transaction of designated affairs, or the attainment of some object, which, like a corporation, continues notwithstanding that its members or participants change, and the affairs of which, like corporate affairs, are conducted by a single individual, a committee, a board, or some other group, acting in a representative capacity. It is immaterial whether such organization is created by an agreement, a declaration of trust, a statute, or otherwise. It includes a voluntary association, a joint-stock association or company, a “business” trust, a “Massachusetts” trust, a “common law” trust, an interinsurance exchange operating through an attorney in fact, a partnership association, and any other type of organization (by whatever name known) which is not, within the meaning of the code, a trust or an estate, or a partnership. An “investment” trust of the type commonly known as a management trust is an association, and a trust of the type commonly known as a fixed investment trust is an association if there is power under the trust agreement to vary the investment of the certificate holders. (See Commissioner v. North American Bond Trust, 122 Fed. (2d) 545, certiorari denied, 314 U. S. 701).